UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-34 |
| | ) |
| KRISTEN RAELYN HECK | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's *pro se* Motion to Reduce Sentence pursuant to Amendment 821 [Doc. 790]. The Government opposes Defendant's Motion. [Doc. 801]. For the following reasons, Defendant's Motion [Doc. 790] is **DENIED**.

### I. BACKGROUND

In January 2019, Defendant was sentenced to 180 months of imprisonment after she pled guilty to one count of Conspiracy to Distribute and Possess with the Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). [Doc. 479 at 1–2]. At the time of sentencing, Defendant earned a subtotal of 11 criminal history points and was assessed two additional Status Points for committing "the instant offense while under a criminal justice sentence" for another conviction, giving her 13 total criminal history points. [Doc. 330, at 14]. Defendant's criminal history category was therefore VI, and her guidelines range was 235 to 293 months of imprisonment. [*Id.* at 20].

### II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(2) of Title 18, United States Code states that "in the case of a defendant

who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

The policy statement set forth in United States Sentencing Guidelines Section 1B1.10 states that when "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." USSG §1B1.10(a)(1), p.s. (Nov. 2023). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment . . . that lowers the applicable guideline range[.]" *Id.* at comment. (n.1(A)). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range[.]" *Id.* Further, "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced" under the policy statement in Section 1B1.10, and "[t]his section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id.* at comment. (n.8(A)). Section 1B1.10 expressly covers Part A and Part B Subpart 1 of Amendment 821. *Id.* at §1B1.10(d); comment. (n.7).

Amendment 821, which became effective on February 1, 2024, applies retroactively. "Part A of Amendment 821 limits the criminal history impact of 'Status Points' in Sentencing Guidelines § 4A. Part B of Amendment 821 will permit a two-level reduction for defendants without any

2

criminal history points from § 4A and an instant offense without specified aggravating factors." *United States v. Mixon*, No. 1:21-CR-203, 2024 U.S. Dist. LEXIS 18460 at *1–*2 (W.D. Mich. Feb. 2, 2024) (internal citations omitted). Prior to the enactment of Amendment 821, two "Status Points" were added when determining a defendant's criminal history if the defendant committed his or her federal offense while "under any criminal justice sentence," including probation, parole, supervised release, imprisonment, work release, or escape status. USSG §4A1.1(d) (Nov. 2018). Now, pursuant to Amendment 821 Part A, a defendant will be assessed one Status Point when determining his or her criminal history if the defendant otherwise has seven or more criminal history points and committed the instant offense under "any criminal justice sentence." USSG §4A1.1(e) (Nov. 2023). Part A effectively eliminates Status Points for defendants with six or fewer criminal history points.

Part B Subpart 1 of Amendment 821 "provides for a decrease of two offense levels for 'zero-point offenders' (no criminal history points), whose offense did not involve specific aggravating factors." *United States v. Giles*, No. 1:05-CR-233, 2024 U.S. Dist. LEXIS 22357 at *2 (W.D. Mich. Jan. 8, 2024). To qualify for a two-point reduction under Part B Subpart 1, a defendant who is a "zero-point offender" must "meet[] all of the following criteria:"

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

3

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

USSG §4C1.1(a) (Nov. 2023).

III. ANALYSIS

Pursuant to Amendment 821 Part A, Defendant should only be assessed one Status Point when calculating her total criminal history points. Without the inclusion of Status Points, Defendant had 11 subtotal criminal history points. This means that under Amendment 821 Part A, her total criminal history score is now 12 instead of 13. This reduces Defendant's criminal history category to V. *See* USSG § 5 Pt. A. Accordingly, based on a criminal history category of V and a base offense level of 33, her new guidelines range is 210 to 262 months of imprisonment. Defendant is not a zero-point offender, as evidenced by her criminal history score, and so she is ineligible for relief under Amendment 821 Part B.

Although the Court finds that Defendant is eligible for a reduction in criminal history points under Amendment 821, the 18 U.S.C. § 3553(a) factors do not support a sentence reduction. Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>     (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

The nature and circumstances of Defendant's offense, the need for her sentence to deter criminal conduct and promote respect for the law, the need for her sentence to protect the public, and the need to avoid unwarranted sentencing disparities do not weigh in favor of a sentence reduction. The Court initially considered all of these factors at sentencing and varied downward to sentence Defendant to 180 months of imprisonment. [Doc. 480, at 2–3]. This sentence is still 30 months below the bottom of her new guidelines range. The Court based its variance in part on Defendant's history and characteristics, such as her age, mental and emotional condition, controlled substance addiction, and relationship with her co-defendant. [*Id.* at 3]. Defendant is set for release in November 2029, meaning she has approximately 63 months left to serve of her 180-month sentence. *See* Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed July 15, 2024). The Court previously found Defendant's sentence to be sufficient, but not greater than necessary, pursuant to Section 3553(a), and the Court finds no reason now within the factors set forth in Section 3553(a) to reduce Defendant's sentence further and permit her a five-year windfall, essentially reducing her total sentence by a third. In light of the foregoing, the Section 3553(a) factors weigh against a sentence reduction.

Further, except for in cases where a defendant has provided "substantial assistance" to authorities, the Court cannot "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." USSG §1B1.10(b)(2)(A)–(B) (Nov. 2023). Defendant's 180-month sentence is already below the minimum of her amended guideline range, and therefore the Court cannot reduce it further.

## IV. CONCLUSION

For the above stated reasons, Defendant's Motion to Reduce Sentence pursuant to Amendment 821 [Doc. 790] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
